IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-256-FL

| | |
|---|---|
| CURTIS B. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Curtis B. Wilson ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for supplemental security income ("SSI") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. D.E. 14, 16. Each party filed a memorandum in support of its motion. D.E. 15, 17. The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* 10 June 2016 Text Ord. For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

## BACKGROUND

**I.   CASE HISTORY**

Plaintiff filed an application for SSI on 25 October 2011, alleging a disability onset date of 1 January 1991. Transcript of Proceedings ("Tr.") 14. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 14. On 17 April 2014, a hearing was held before an administrative law judge ("ALJ"). Tr. 24-44. The witnesses who

testified at the hearing were plaintiff, who was represented by a nonattorney representative; a psychological therapist treating plaintiff, Deanna Lynn Brown; and a friend of plaintiff with whom he was living. The ALJ issued a decision denying plaintiff's claim on 19 May 2014, finding that he was not disabled from the date the application for the claim was filed. Tr. 14-23. The ruling could not extend to earlier than the application date because SSI is not payable prior to the month following the month in which the application was filed, irrespective of the claimant's alleged onset date. *See* 20 C.F.R. § 416.335.

Plaintiff timely requested review by the Appeals Council. Tr. 10. On 8 October 2015, the Appeals Council admitted additional evidence (Tr. 420-22), but denied the request for review. Tr. 1-5. At that time, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. Plaintiff commenced this proceeding for judicial review on 4 December 2015, pursuant to 42 U.S.C. § 1383(c)(3). *See In Forma Pauperis* ("IFP") Mot. (D.E. 1); Ord. Allowing IFP Mot. (D.E. 4); Compl. (D.E. 5).

## II.     STANDARDS FOR DISABILITY

The Social Security Act ("Act") defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* (a)(3)(B).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the [R]egulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the [R]egulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.
>
> The first four steps create a series of hurdles for claimants to meet. If the ALJ finds that the claimant has been working (step one) or that the claimant's medical impairments do not meet the severity and duration requirements of the [R]egulations (step two), the process ends with a finding of "not disabled." At step three, the ALJ either finds that the claimant is disabled because her impairments match a listed impairment or continues the analysis. The ALJ cannot deny benefits at this step.
>
> If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ["RFC"], which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. [20 C.F.R.] § 416.945(a)(1). To make this assessment, the ALJ must "consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," including those not labeled severe at step two. *Id.* § 416.945(a)(2).
>
> The ALJ then moves on to step four, where the ALJ can find the claimant not disabled because she is able to perform her past work. Or, if the exertion required for the claimant's past work exceeds her [RFC], the ALJ goes on to step five.
>
> At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that "exists in significant numbers in the national economy," considering the claimant's [RFC], age, education, and work experience. *Id.* §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429. The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits.

*Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015).

### III. ALJ'S FINDINGS

Plaintiff was 45 years old on the date he filed his application for SSI and 48 years old on the date of the administrative hearing. *See* Tr. 22 ¶ 6. The ALJ found that he has a limited education. Tr. 22 ¶ 7; *see also* Tr. 27 (plaintiff's testimony that he completed eighth grade in special education); 20 C.F.R. § 416.964(b)(3) (defining limited education generally as the seventh through eleventh grade level of formal education). Plaintiff had no past relevant work. Tr. 22 ¶ 5.

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since the date he filed his SSI application. Tr. 16 ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: left foot contracture; status post pelvic fracture with ORIF (*i.e.*, open reduction and internal fixation) surgery and left fibula fracture; major depression; and past polysubstance dependence. Tr. 16 ¶ 2. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the Listings. Tr. 16 ¶ 3.

The ALJ next determined that plaintiff had the RFC to perform a limited range of medium work:

> [C]laimant has the [RFC] to perform medium work as defined in 20 CFR 416.967(c) and is further limited to occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; and the need to avoid concentrated exposure to hazards. Additionally, the claimant is limited to understanding, remembering, and carrying out simple instructions; with no more than rare public contact.

Tr. 18 ¶ 4.[1]

The ALJ found at step four that plaintiff had no past relevant work. Tr. 22 ¶ 5. At step five, the ALJ found that there were jobs in the national economy existing in significant numbers that plaintiff could perform. Tr. 22 ¶ 9. The ALJ reached this conclusion on the rationale that Medical-Vocational Rule 203.25 directed a finding of "not disabled." Tr. 23 ¶ 9. He found the Medical-Vocational Rule applicable because the nonexertional limitations included in plaintiff's RFC "have little or no effect on the occupational base of unskilled medium work." Tr. 23 ¶ 9. The ALJ accordingly concluded that plaintiff had not been under a disability from the date he filed his SSI application, 25 October 2011. Tr. 23 ¶ 10.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id.*

---

[1] *See also Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "M-Medium Work," 1991 WL 688702. "Medium work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 416.967.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *See, e.g., Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at *1-2.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## OVERVIEW OF PLAINTIFF'S CONTENTION

Plaintiff asserts that the ALJ's decision should be reversed and this case should be remanded for a new hearing, in part, on the grounds that additional evidence he submitted for the first time to the Appeals Council requires remand. He seeks remand on the further grounds that the ALJ erred in determining his RFC by not adequately explaining the weight he gave medical opinion evidence regarding plaintiff's mental limitations and not performing a function-by-function analysis with respect to these limitations. Because the court finds that the issue of the ALJ's handling of medical opinion evidence is dispositive of this appeal, it addresses only this issue on the merits.

## DISCUSSION

As part of his challenge to the ALJ's assessment of his RFC, plaintiff argues that the ALJ erred in his handling of the opinions of the nonexamining state agency consulting psychiatrist Bonny Gregory, M.D. and psychologist W.W. Albertson, Ed.D. The court agrees.

Dr. Gregory completed a mental RFC assessment for plaintiff dated 4 May 2012 included in the disability determination explanation at the initial review level. Tr. 59-61. She concluded that plaintiff "should reasonably be able to perform simple, routine, repetitive tasks in a low social setting at a non production based pace." Tr. 61. Dr. Albertson completed a mental RFC assessment dated 19 October 2012 at the reconsideration level of review. Tr. 77-79. He concluded that plaintiff "appears capable of [simple, routine, repetitive tasks] in [a] low stress, no public contact, nonproduction setting [with treatment] compliance and [substance abuse] abstinence." Tr. 78.

In his decision, the ALJ stated that he gave Dr. Gregory's and Dr. Albertson's opinions significant weight:

> Significant weight is given to the opinions of the State Agency medical consultants who performed mental residual functional capacity assessments of the claimant, as their opinions that the claimant is limited to unskilled light work is consistent with the above stated residual functional capacity, the medical evidence as a whole, and a finding of not disabled. (Exhibit B2A and Exhibit B4A)

Tr. 22 ¶ 5.

The ALJ's evaluation is deficient. One obvious flaw is that it misstates Dr. Gregory's and Dr. Albertson's opinions. They did not opine that plaintiff could perform light work. Having performed mental RFC assessments, they did not address plaintiff's exertional capacity. The physicians who performed the physical RFC assessments at both the initial and reconsideration levels, of course, did. They found plaintiff to have the RFC to perform medium work, not light work. Tr. 58, 75. While this error by the ALJ suggests some misunderstanding of Dr. Gregory's and Dr. Albertson's mental RFC assessments, it alone would arguably not require remand.

Another deficiency in the ALJ's evaluation is his failure to explain why, despite his attribution of significant weight to Dr. Gregory's and Dr. Albertson's opinions, he did not limit plaintiff, as they did, to nonproduction work. He also does not explain why he imposed the limitation of merely "understanding, remembering, and carrying out simple instructions," rather than the seemingly broader limitation to simple, routine, repetitive tasks adopted by Dr. Gregory and Dr. Albertson. Tr. 18 ¶ 4. The lack of such explanations comes despite the ALJ's determination that plaintiff had moderate limitations of concentration, persistence, or pace. Tr. 17 ¶ 3. These deficiencies could conceivably be deemed fatal to the ALJ's decision.

But what unambiguously is fatal is the rationale the ALJ gave for attribution of significant weight to Dr. Gregory's and Dr. Albertson's opinions. By grounding his determination on consistency with his own RFC determination and a finding of not disabled, the

ALJ was putting the cart before the horse. Opinion evidence is to be considered in determining a claimant's RFC and whether he is disabled; the claimant's RFC and disability status are not to be used to determine the weight given medical opinions. Specifically, the Regulations provide that a claimant's RFC is to be assessed "based on all of the relevant medical and other evidence." *See* 20 C.F.R. § 416.945(a)(3); *see also id.* (a)(1) ("We will assess your [RFC] based on all the relevant evidence in your case record."). Medical opinions from state agency consultants, as here, are, of course, relevant evidence. *See* 20 C.F.R. § 416.912(b)(1)(ii), (viii); 416.927(a)(2). Similarly, the Regulations provide that "*[i]n determining whether you are disabled*, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 416.927(b) (emphasis added). Consistent with these principles, the regulation on evaluating opinion evidence nowhere cites the claimant's RFC or disability status as factors that are to be used in weighing opinion evidence. *See* 20 C.F.R. § 416.927.

The ALJ's reliance on his own RFC determination and ruling on the ultimate issue of disability to determine the weight due Dr. Gregory's and Dr. Albertson's medical opinions is akin to the backwards reasoning the Fourth Circuit condemned in *Mascio*. There, the ALJ based his determination on the claimant's credibility on the RFC that the ALJ had determined the claimant to have, stating "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Mascio*, 780 F.3d at 639. In rejecting the ALJ's reasoning, the Fourth Circuit explained, "We agree with the Seventh Circuit that this boilerplate 'gets things backwards' by implying 'that ability to work is determined first and is then used to

determine the claimant's credibility.'" *Id.* (internal quotation marks omitted) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012)).[2]

The other reason cited by the ALJ—consistency with the medical evidence as a whole—can be a legitimate basis for assessing the weight due a medical opinion. *See* 20 C.F.R. § 416.927(c)(4). The court, though, cannot sort out the degree to which the ALJ relied on his basis for his determination on Dr. Gregory's and Dr. Albertson's opinions as opposed to the other two illegitimate bases. Contributing to the impossibility of such an analysis by the court is the absence of any elaboration by the ALJ on his reliance on the medical evidence as a whole, including the absence of any specification by the ALJ of the medical evidence to which he is alluding.

The court therefore cannot say that the ALJ relied on proper standards in his assessment of the opinions of Dr. Gregory and Dr. Albertson. Particularly because the ALJ gave significant weight to these opinions, the error cannot be dismissed as harmless. This case should accordingly be remanded for a new hearing for proper evaluation of the opinions of Dr. Gregory and Dr. Albertson.

In light of this determination, the court need not address on the merits the other contentions advanced by plaintiff. Nonetheless, it notes that, on remand, the ALJ should consider and make appropriate findings on the additional evidence plaintiff submitted for the first time to the Appeals Counsel. In addition, the ALJ should take care that in assessing plaintiff's RFC he performs a function-by-function analysis and explain it in conformance with the requirements of *Mascio*, 780 F.3d at 636-37.

---

[2] While the ALJ issued his decision, on 19 May 2014, prior to issuance of the Fourth Circuit's decision in *Mascio*, on 18 March 2015, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner after issuance of the *Mascio* decision, on 8 October 2015.

## **CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 14) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 16) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence. That is a matter for the Commissioner to decide.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 18 January 2017 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the**

**Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

This 4th day of January 2017.

_____
James E. Gates
United States Magistrate Judge